IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                              Plaintiff,                    FINAL HEARING ORDER

        v.
                                                            20-cr-38-jdp
DANNY D. TURNER,

                              Defendant.

A final hearing was held via video conference before District Judge James D. Peterson. The government appeared by Scott Blader and David Reinhard. Danny Turner appeared on his own behalf and by counsel, David Karpe.

We began by discussing the safety procedures that we will follow in light of concerns about the COVID-19 pandemic. I informed the parties that I would continue to monitor the data in the coming days and will notify the parties promptly if there are any developments that need to be discussed. But for now, the motion filed by Turner's counsel (over Turner's objection) to continue the trial, Dkt. 60, is DENIED.

The parties didn't raise any objections to the voir dire.

We discussed six issues related to the post-trial instructions. First, the word "loaded" will stay in the description of Count 6 because that is what the indictment says. Second, I will modify the definition of "in furtherance of a drug trafficking crime" as follows:

> As used in the third element of Count 8, a person possesses a firearm **in furtherance of a drug trafficking crime** if the possession or use of the firearm promotes, supports, or facilitates the crime. A firearm is not possessed in furtherance of a crime merely because it was present at the scene of the crime. There must be some additional connection between the firearm and the crime, so that the firearm makes the crime possible, easier to commit, or more likely to succeed.

Third, the parties agreed to remove the instructions related to the lesser included offense for Count 7. Fourth, Turner asked for an instruction to clarify that the government must prove on Counts 1 through 5 that he knowingly distributed the specific substance charged in each count. I have amended that instruction to reflect Turner's concern. Fifth, the parties agreed that the second element of Count 6 should read: "The firearm possessed by the defendant had traveled in or affected interstate commerce prior to the defendant's possession of it." Sixth, the government gave notice that one of its witnesses will be testifying as a fact witness and also as an expert witness about the quantity of drugs found and whether the firearm was used in furtherance of the crime. Before that witness testifies, I will give an instruction about how the jury should consider both aspects of his testimony. I have attached a new draft of the post-trial instructions, along with a redlined version showing the changes.

We also discussed the motions in limine. Turner's motions to exclude evidence of a January 9, 2020 drug transaction, Dkt. 64, to preclude the government from vouching for the credibility of witnesses, Dkt. 66, to disclose the government's witness list, Dkt. 65, and to disclose *Jencks* material, Dkt. 63, are DENIED as moot because the parties have resolved those issues.

Turner's motion to exclude evidence about the anonymous tip, Dkt. 76, is GRANTED. The government may offer evidence that officers obtained a phone number as part of their investigation, but it may not offer any evidence about the content of the tip officers received.

Turner's motion to exclude the testimony of Detective Gardner, Dkt. 77, is DENIED. Garner doesn't need a report to testify about her own personal knowledge. Turner is free to cross examine Gardner about any potential breaks in the chain of custody for the gun.

Turner's motion to exclude evidence discovered in Room 112 of the Grand Stay Hotel, Dkt. 78, is DENIED. Turner contends that the government doesn't have any evidence that he was in the room, but the government says that it will be offering the testimony of a hotel clerk for that purpose. If Turner believes that the testimony doesn't establish a sufficient connection, he may raise that objection at trial.

Turner's motion to require probation agent Jelani Brown to produce the records of Turner's urinalysis, Dkt. 95, is GRANTED, and the scope of Brown's testimony at trial may include those records. I've entered a separate order requiring Brown to produce those records to the parties promptly.

The government's motion to preclude a necessity defense, Dkt. 67, is GRANTED. Turner says that he needed to possess the gun because there was a "hit" out on him, but that doesn't satisfy the requirement to show either that the threat was "imminent" or that he had no reasonable legal alternatives. *See United States v. Kilgore,* 591 F.3d 890, 893 (7th Cir. 2010).

The government's motion to preclude an entrapment defense, Dkt. 68, is GRANTED as unopposed.

The government's motion to exclude evidence or argument about the penalties that Turner may face, Dkt. 69, is GRANTED. Neither side may refer to that issue.

The government's motion to exclude evidence or argument about an improper motive of the officers, Dkt. 70, is GRANTED. Any arguments about selective prosecution would be directed to the court, not the jury.

Counsel and the court will meet at 8:30 a.m. on the first day of trial to discuss any other issues.

Entered July 10, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge