IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                 Plaintiff,

v.

DANNY TURNER,

                 Defendant.

OPINION and ORDER

20-cr-38-jdp

---

Defendant Danny Turner objects to his classification as an armed career criminal under 18 U.S.C. § 924(e). Dkt. 195. The revised PSI ascribes to Turner three predicate drug offenses: two under Wis. Stat. § 961.41(1m)(cm) and one under 21 U.S.C. § 841(a)(1). Turner contends that the Wisconsin convictions are not "serious drug felonies" as defined in § 924(e)(2)A)(ii).

The parties agree that the categorical approach is required, pursuant to which the court compares the statute of the predicate conviction to the federal definition without regard to the actual underlying offense conduct.[1] The Wisconsin statute prohibits the possession of cocaine with the intent to manufacture, distribute, or deliver. Turner argues that the Wisconsin statute sweeps more broadly than the federal definition of "serious drug felony" in three ways.

---

[1] I note one doctrinal fine point. Turner's brief implies that I should look to the federal statute that is analogous to the Wisconsin statute, and compare those two. But under the definition in § 924(e)(2)A)(ii) the question is whether the state offense is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." So the court compares the state statute to the definition, not to any particular federal drug crime.

First, Turner argues that the Wisconsin statute covers analogs of cocaine, whereas the definition of "serious drug felony" in § 924 covers only the substances included in section 102 of the Controlled Substances Act. Analogs are covered by a separate law, the Controlled Substance Analog Enforcement Act. But, as the government points out, the Analog Act expressly provides that for purposes of any federal law, analogs are treated as controlled substances. 21 U.S.C. § 813(a); Dkt. 201, at 3. The inclusion of analogs of cocaine in Wis. Stat. § 961.41(1m)(cm) does not create a categorical mismatch with the definition of serious drug felony.

Second, Turner argues that the Wisconsin statute covers "esters" and "salts of esters" of cocaine, whereas the federal Controlled Substances Act does not. This would create a small but decisive categorical mismatch of the type identified in *United States v. Ruth*, 966 F.3d 642, 647 (7th Cir. 2020), *cert. denied*, 141 S. Ct. 1239 (2021). But the government has submitted the declaration of DEA scientist Daniel Willenbring, who says that there are no such things as esters or salts of esters of cocaine. Dkt. 202. Turner adduces nothing to rebut Willenbring's declaration testimony, arguing instead that the court should simply stick to reading the statute without conducting a mini-trial on drug chemistry because that would be inefficient and difficult.

I'm not persuaded that Willenbring's declaration poses exceptional difficulties: whether esters of cocaine are theoretically possible seems like a relatively straightforward question that experts could answer. It's certainly no more difficult than the questions raised by some drug analog cases. *See United States v. Moreno*, 870 F.3d 643 (7th Cir. 2017). In this case, Willenbring's declaration stands unrebutted, so the court will consider it established, for

purposes of this case, that there are no esters, or salts of esters, of cocaine. *Ruth* left open the question of whether this mattered in the categorical analysis.

I conclude that it matters. Turner contends that, in drafting its drug laws, the Wisconsin legislature actually decided to criminalize esters of cocaine, reflecting a different judgment than that made by Congress. I don't find that persuasive. More likely, the Wisconsin legislature simply intended to cast a wide net, cutting and pasting boilerplate technical language to capture every potential variant of common controlled substances. Some of the resulting boilerplate language is scientific gibberish. That gibberish does not actually broaden the scope of the criminalized conduct because no one could be convicted of trafficking esters of cocaine. The inclusion of esters and salts of esters of cocaine in § 961.41(1m)(cm) does not create a categorical mismatch with the definition of "serious drug felony."

Third, Turner argues that the Wisconsin definition of "cocaine analogs" creates a categorical mismatch because Wisconsin criminalizes cocaine analogs that have a "narcotic" effect. The Wisconsin and federal definitions of "analog" are very similar. Both include substances that are similar in chemical structure and effect to scheduled controlled substances. But the wording of the required similarity of effect varies slightly. Federal law requires a substantially similar "stimulant, depressant, or hallucinogenic effect." 21 U.S.C. § 802(32). Wisconsin law requires a substantially similar "stimulant, depressant, narcotic or hallucinogenic effect." Wis. Stat. § 961.01(4m)(a). Turner contends that the addition of "narcotic effect" makes the Wisconsin statute broader than the federal one, and thus it falls outside the definition of "serious drug felony."

The government argues impossibility again. It submits the declaration of DEA scientist Olubukola Kalejaiye, who says that, from a pharmacological perspective, cocaine is a stimulant,

not a narcotic. Dkt. 203. The term "narcotic," again from a pharmacological perspective, refers to opioid-like drugs that have depressant effects. Kalejaiye's declaration, like Willenbring's, stands unrebutted.

Turner points out that under federal law, "narcotic" is a broad legal classification that includes cocaine. § 802(17). So cocaine is a narcotic as a matter of legal classification. But that doesn't mean that there are analogs of cocaine that have a narcotic effect. And there is a more fundamental problem with Turner's argument: according to Kalejaiye's declaration, a narcotic effect is a type of depressant effect. So the inclusion of "narcotic effect" under Wisconsin's analog definition does not actually broaden the scope of criminalized conduct, because an analog that produces a narcotic effect would also be criminalized under federal law because of its depressant effect. The inclusion of "narcotic effect" in Wisconsin law makes crystal clear that an analog that produces an effect similar to heroin is illegal. But the same heroin analog would be illegal under federal law because it produces a depressant effect similar to heroin. The inclusion of "narcotic effect" in Wisconsin's definition of drug analogs does not produce a categorical mismatch with the federal definition of "serious drug felony."

ORDER

IT IS ORDERED that defendant Danny Turner's objection to the armed career criminal designation is OVERRULED.

Entered June 24, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge